14841.   RAY *v.* THE STATE.

LUKE, J.   1. The evidence connecting the accused with the offense charged being wholly circumstantial, the court erred, even in the absence of a timely and appropriate written request, in failing to charge the law of circumstantial evidence, the principle of that law not having been sufficiently presented by the charge given.

2. The other grounds of the motion for a new trial are without substantial merit.

*Judgment reversed.   Broyles, C. J., and Bloodworth, J., concur.*

DECIDED DECEMBER 5, 1923.

Accusation of possession of liquor; from city court of Floyd county—Judge Nunnally.   June 29, 1923.

Upon testimony as to the finding of whisky in fruit jars in a hole covered with a chop-block and chips near a woodpile in the backyard of Ray's home, he was convicted upon the charge of having intoxicating liquor in his possession, custody, and control. The case came to this court on exceptions to the overruling of his motion for a new trial, the grounds of which, besides the general grounds, were in substance as follows:

The court erred in failing entirely to charge the jury on the law of circumstantial evidence, and in failing to give certain instructions on that subject which are set out in this ground.

The court erred in charging as follows: "If, however, it has not been made satisfactory to your mind how it was there, if it was there, you would be authorized to presume that it was in his possession and to find him guilty." The movant contends that this part of the charge was error because it assumed as a fact that the whisky was on the defendant's premises, and amounted to an expression of opinion that it was there; and it further placed the burden on the defendant to show how the whisky was there, when as a matter of law the reason why it was there was not material, the defense being that if it was there, the defendant did not place it there and did not know it was there.

The court erred in charging that anything found in the defendant's house or within the curtilage of his house, or anything found

in his outhouses, is presumed to be in his possession. The movant contends that this was error because possession is only a circumstance from which the jury may infer guilt, and is a presumption of fact and not one of law; and because there was nothing claimed to have been found in any outhouse or within the curtilage of the defendant's house, and the charge was an expression of opinion that the whisky was found in such a place.

The court erred in charging: "That presumption may be rebutted or overcome by evidence submitted to you by the defendant, or in any other way, by showing that the person who had it in his possession had no knowledge of it and did not permit it to be placed on his premises. If these facts have been made to appear to your reasonable satisfaction, you should acquit him." The movant contends that this was error because it assumed as a matter of fact that the whisky was in the possession of the defendant; and further because it put upon the defendant the burden of proof of his innocence to the reasonable satisfaction of the jury, when the law places the burden upon the State to prove the defendant's guilt beyond a reasonable doubt, and the defendant is not required to do anything until his guilt is established beyond a reasonable doubt.

The court, in charging on the statement of the defendant, erred in charging as follows: "You will give it just such weight as you think it is entitled to, along with the other testimony in the case." The movant contends that this was error because it required the jury to consider his statement along with the other testimony, when the jury had the right to reject the testimony and believe the statement; and this part of the charge had the effect of withdrawing a previous instruction that the jury might believe the defendant's statement in preference to the sworn testimony.

*M. B. Eubanks,* for plaintiff in error.

*James Maddox, solicitor,* contra.